UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF LOUISIANA

IN RE:

RUSSELL WAYNE BABIN                                    CASE NO. 13-10837

DEBTOR                                                 CHAPTER 7

## MEMORANDUM OPINION

Debtor Russell Wayne Babin has moved to avoid judgments in favor of Hancock/Whitney Bank[1] and Capital One Bank[2] and for an expedited hearing on those motions. Babin is not entitled to relief from this court on the two principal motions, which will be denied without prejudice. The motion for expedited hearing also will be denied as moot.

Babin's motions as well as schedule A filed in his case indicated that he owned no immovable property to which the judicial mortgages could attach when he filed chapter 7 on June 19, 2013.[3] Because he owned no such property, he did not claim – indeed, he was not entitled to claim – a homestead exemption under Louisiana R.S. 20:1. The debtor received a discharge on September 24, 2013[4] and the case was closed as a no asset case the same day.

Bankruptcy Code section 522(f) empowers bankruptcy courts to avoid judicial liens on exempt property that impair exemptions. The statute provides in relevant part:

---

[1] P-19. The motion reflects that the January 11, 3013 judgment in favor of Hancock was recorded in the Office of the Clerk of Court of Ascension Parish, Louisiana on January 16, 2013, several months before Babin filed chapter 7. Neither Hancock Bank nor Whitney National Bank, its predecessor in interest, were scheduled among the debtor's creditors and neither filed a proof of claim.

[2] P-20. The motion recites that the August 4, 2010 Capital One judgment was recorded in the Office of the Clerk of Court of Ascension Parish, Louisiana on August 17, 2010, years before he filed this case. The debtor's schedules disclosed a prepetition debt to Capital One.

[3] *See* Motion to Avoid Lien with Hancock/Whitney Bank [P-19], p. 3 of 4; and schedules and statement of financial affairs [P-5].

[4] P-15.

> (f)(1)…the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
> (A) a judicial lien, other than a judicial lien that secures a debt of a kind that is specified in section 523(a)(5)…

Because Babin owned no immovable property that he could claim as exempt on the date he filed chapter 7, section 522(f) affords him no remedy by way of canceling the inscriptions of the judicial mortgages.

This ruling does not leave Babin without a remedy. Louisiana Revised Statute 9:5175(C) permits Louisiana state courts to order the cancellation of judgments under specified conditions. That statute provides:

> C. (1) A judgment debtor may obtain a partial cancellation of the inscription of a judgment as it affects property not owned by the judgment debtor on the date of his filing a petition under Chapter 7 or Chapter 13 of the United States Bankruptcy Code upon the filing of an affidavit in accordance with this Subsection.
>
> (2) The affidavit shall contain all of the following:
>
> (a) A statement that the judgment debtor filed a petition under Chapter 7 or Chapter 13 of the United States Bankruptcy Code.
>
> (b) The name of the court where the bankruptcy proceeding was filed.
>
> (c) The date on which the petition was filed.
>
> (d) A statement that the debt or debts upon which the judgment is based were listed in the bankruptcy proceeding and that the debtor was subsequently released from personal liability on the debt or debts by virtue of a discharge in bankruptcy.[5]

---

[5] Nothing in the record identifies Whitney Bank or Hancock Bank as one of Babin's creditors; neither filed a proof off claim in the case. Because of that, the bank's debt arguably was not discharged. See 11 U.S.C §523(a)(3). That omission does not bar Babin from now seeking to amend his schedules to include and discharge the omitted debt under Fifth Circuit precedent. *Stone v. Caplan (Matter of Stone)*, 10 F.3d 285 (5th Cir. 1994).

   (e) A description of any particular property to be partially released and a statement that the property was not owned by the debtor at the time of filing the bankruptcy proceeding.

   (f) A copy of the schedule or schedules listing the debt.

   (g) A copy of the discharge order.

(3) Upon the filing of an affidavit in compliance with this Subsection, the recorder shall partially cancel the judgment insofar as it affects the property described in the affidavit and any property that may have been acquired after the date stated in Subparagraph (2)(c) of this Subsection that the debtor filed his petition for bankruptcy.

 To summarize, this court lacks power to direct the cancellation of the judicial mortgages as Babin requests. His remedy lies in the Louisiana state courts.

 Baton Rouge, Louisiana, July 24, 2019.

s/ **Douglas D. Dodd**
DOUGLAS D. DODD
UNITED STATES BANKRUPTCY JUDGE